185/IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DR. JOHNATHAN CASTILLE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-CV-209-MJT |
| § | |
| PORT ARTHUR ISD, MARK PORTERIE, § | |
| MELISSA OLIVA, MONIQUE § | |
| BIENVENUE, MICHAEL OLIVER, and § | |
| MICHAEL MORATH, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 50]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred [Dkts. 35, 44] to the Honorable Christine L. Stetson for consideration and disposition Port Arthur ISD's, Monique Bienvenue's, and Mark Porterie's Motion to Dismiss [Dkt. 12], Michael Morath's Motion to Dismiss [Dkt. 13], Melissa Oliva's Motion to Dismiss [Dkt. 21], and Michael Oliver's Motion to Dismiss [Dkt. 42].

On July 18, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 50] with the following conclusions and recommendations: (1) Plaintiff failed to overcome Defendants Bienvenue's, Oliva's, Oliver's, and Porterie's assertions of qualified immunity, meaning all claims against those defendants should be dismissed without prejudice, (2) Plaintiff failed to state a claim under §1985 against Defendant Port Arthur ISD and the Court should dismiss such a claim with prejudice, (3) with no remaining federal claims, the Court should dismiss without prejudice all remaining state law claims, and (4) Plaintiff should not be granted leave to amend because doing so would be futile and Plaintiff has failed to address these same issues in a prior amendment.

### I. Plaintiff's Objections to the Report and Recommendation are Overruled

#### A. Legal Standard

On August 1, 2024, Plaintiff filed timely objections [Dkt. 55] to the Report and Recommendation. A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). No Defendant has objected to the Report and Recommendation.

#### B. Discussion

Although Plaintiffs filed written objections in a timely manner, the objections are not proper. Plaintiff requested [Dkt. 52] and the Court granted [Dkt. 54] leave for three extra pages for his objections. The objections, however, contain pages of a factual recitation of Plaintiff's case and irrelevant arguments. For example, Plaintiff objects to the Court's rejection of Plaintiff's novel interpretation of Federal Rule of Civil Procedure 15(a) as a backdoor around the Court's scheduling order. *See generally* [Dkt. 55 at 6]. That argument was not raised in the Magistrate Judge's Report and Recommendation and, therefore, objecting to the Report and Recommendation on that ground is improper. Furthermore, under the heading of "Specific

Objections," Plaintiff first lists a series of quotes from the Report and Recommendation but does not explain what is wrong with each quote, or how the legal analysis was impacted by each statement.[1]

At the end of the filing, Plaintiff identifies three overarching objections: (1) Judge Stetson allegedly erred by finding Plaintiff failed to state a conspiracy claim, (2) she also allegedly erred by recommending the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and (3) Plaintiff should be granted leave to amend [*Id.* at 10]. The Court finds there to be two specific objections embedded within Plaintiff's filing, but these objections are ultimately without merit.

First, Plaintiff contends that he did not plead a 42 U.S.C. §1985 claim, but rather various 42 U.S.C. §1983 claims and an independent "civil conspiracy claim" based on the alleged violation of his constitutional rights [*Id.* at 2]. Plaintiff's operative complaint states under the heading of "Constitutional Violations" that "Defendants have joined together in a civil conspiracy to violate the rights privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States" [Dkt. 10 at 17]. That is the sum of Plaintiff's explanation of his constitutional claims. Nowhere does the complaint mention 42 U.S.C. §1983 or §1985. However, Judge Stetson correctly found that Plaintiff's allegation of a conspiracy falls under 42 U.S.C. §1985. In his objections, Plaintiff does not explain how the law provides a civil conspiracy claim based on violations of constitutional rights independent of 42 U.S.C. §1985. This objection is overruled.

---

[1] As one example, Plaintiff "objects" to a portion of the Report and Recommendation that states "Defendants Oliva and Oliver appeared later and filed their Motions to Dismiss on December 19, 2023, and June 26, 2024" [Dkt. 55 at 10]. Not only does Plaintiff fail to explain what is wrong with that statement, but the docket confirms that statement to be true [Dkts. 21, 24].

Next, Plaintiff asserts the Report and Recommendation is wrong as a matter of law in finding Plaintiff did not overcome the individual Defendants' claims of qualified immunity [Dkt. 50 at 10].  As Judge Stetson correctly noted, a party attempting to overcome qualified immunity must point to "a robust consensus of persuasive authority… [that] defines the contours of the right in question with a high degree of particularity."  *Rogers v. Hall*, 46 F.4th 308, 312-13 (5th Cir. 2022); *see, e.g.*, *Goebel v. Perez*, No. 5-22-CV-01354-FB-RBF, 2023 WL 8707129, at *3 (W.D. Tex. Nov. 13, 2023), *R&R adopted*, No. CV SA-22-CA-01354-FB, 2023 WL 8705423 (W.D. Tex. Dec. 15, 2023).  Plaintiff failed to point to authority clearly establishing any right invoked by Plaintiff.  The individual Defendants are, therefore, entitled to qualified immunity because Plaintiff did not meet his burden to overcome qualified immunity.

As a final note, the Court draws attention to the fact that pending before it are four motions to dismiss.  At this stage, "the Court is limited to reviewing the four corners of the Complaint." *Hudson v. Pot-O-Gold Rentals, LLC*, No. 3:17-CV-00314, 2018 WL 5732081, at *4 (S.D. Tex. July 24, 2018) (citing *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011)), *R&R adopted*, No. 3:17-CV-00314, 2018 WL 3862092 (S.D. Tex. Aug. 14, 2018).  Yet here Plaintiff attached over one-hundred pages of evidence to his responses to two of the pending motions [Dkts. 18-1, 31-1, 31-2].  The Report and Recommendation and this order adopting consider whether Plaintiff has properly pleaded his claims.  Plaintiff has already amended once as a matter of course in face of nearly identical motions to dismiss [Dkts. 5, 6, 10], but Plaintiff's complaint is still deficient.  Moreover, Plaintiff informed the Court nine months ago that he would seek leave to amend again [Dkt. 17 at 5], but never did so.  To allow Plaintiff to amend once again at this late stage would prejudice the Defendants.

## II.  Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, Plaintiff's objections [Dkt. 55] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 50] is ADOPTED.  The four pending motions to dismiss [Dkts. 12, 13, 21, 42] are GRANTED in full as follows.

Plaintiff fails to overcome Defendants Bienvenue's, Oliva's, Oliver's, and Porterie's assertions of qualified immunity.  Claims against those defendants are DISMISSED without prejudice.  Plaintiff fails to state a claim under 42 U.S.C. §1985 against Defendant Port Arthur ISD and this claim is DISMISSED with prejudice.  As no other federal or diversity claims are pending, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims which are, hereby, DISMISSED without prejudice for want of jurisdiction.  The Court will enter a separate final judgment.

IT IS SO ORDERED.

**SIGNED this 6th day of August, 2024.**

Michael J. Truncale
United States District Judge