IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DR. JOHNATHAN CASTILLE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-209-MJT |
| | § | |
| PORT ARTHUR ISD, MARK PORTERIE, MELISSA OLIVA, MONIQUE BIENVENUE, MICHAEL OLIVER, and MICHAEL MORATH, | § § § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**
**DENYING PLAINTIFF'S CORRECTED RULE 59(e) MOTION [Dkt. 59]**

Pending before the Court is Plaintiff's Corrected Rule 59(e) Motion filed on August 27, 2024 [Dkt. 59]. Defendants Port Arthur ISD, Dr. Mark Porterie, Monique Beinvenue, Dr. Melissa Oliva, and Michael Oliver filed a Response on September 7, 2024 [Dkt. 61] and Defendant Mike Morath timely responded on September 10, 2024 [Dkt. 62]. Plaintiff filed Replies to the Responses. [Dkts. 63, 64]. The Motion is ripe for review.

**I.  Procedural Background**

This case was filed on May 30, 2023. [Dkt.1]. Plaintiff's complaint was not a model of clarity. He asserted causes of action listed as: "Administrative Appeal," "Texas Whistleblower Act," "and "Constitutional Violations." [*Id.* at 21-22]. Regarding constitutional violations, he alleged a conspiracy to violate his rights under the First and Fourteenth Amendments. [*Id.* at 22]. Defendant Morath filed his first motion to dismiss on September 15, 2023, and argued that Plaintiff lacked standing and failed to state any claims. [Dkt. 5]. On October 2, 2023, Defendants Port Arthur ISD, Bienvenue, and Porterie filed their first motion to dismiss and asserted that Plaintiff

did not state any federal claims and that the Court did not have jurisdiction to hear the state law claims. [Dkt. 6].

Plaintiff amended his complaint on October 24, 2023, and the Court denied as moot previous motions to dismiss. [Dkts. 10, 11]. Plaintiff's amended complaint, however, did not clarify which claims were lodged against which defendants. [Dkt. 10]. Within the section entitled "Causes of Action," Plaintiff asserted: "Judicial Review of Administrative Appeal," "Texas Whistleblower Act," and "Constitutional Violations," again claiming that Defendants had joined together in a civil conspiracy to violate his First and Fourteenth Amendment rights. [*Id.* at 16-17].

In response to the first amended complaint, Defendants Port Arthur ISD, Bienvenue, and Portie filed another motion to dismiss on November 7, 2023, and Defendant Morath filed his second motion to dismiss on November 16, 2023. [Dkts. 12, 13]. Plaintiff requested an extension until December 20, 2023 to respond to the motions. [Dkt. 14]. This Court granted the request in part and extended Plaintiff's deadline to December 6, 2023. [Dkt. 15]. Plaintiff filed his responses to the motions to dismiss on December 6, 2023. [Dkts. 17, 18, 19]. In one response he informed the Court that he would file a motion for leave to amend his complaint to address the issues raised in the motion to dismiss before December 21, 2023. [Dkt. 18 at 5]. Plaintiff never filed such a motion, and the first amended complaint [Dkt. 10] remained as the operative complaint.

Defendants Oliva and Oliver each filed motions to dismiss on December 19, 2023, and June 26, 2024, respectively. [Dkts. 21, 42]. These motions largely reiterated the same arguments lodged by the other individual Port Arthur ISD Defendants. In pertinent part, they (1) asserted qualified immunity and (2) argued that Plaintiff failed to state any constitutional claims. Plaintiff responded to Defendant Oliva's motion by focusing on his claim that Port Arthur ISD has an "unwritten policy" to punish employees that are allegedly disloyal. [Dkt. 31 at 2-5].

2

Plaintiff did not file a response to Defendant Oliver's motion to dismiss. Instead, Plaintiff filed an opposed motion asking the Court for two additional weeks to respond. [Dkt. 43]. The Court granted the motion in part, providing Plaintiff an extension of one week, or until July 17, 2024. [Dkt. 45]. On July 16, 2024, Plaintiff filed a "Notice" and an "Amended Notice" to inform the Court that he planned to file an amended complaint "as a matter of course" based on Defendant Oliver's motion, rather than filing the proposed response for which he requested an extension. [Dkts. 46, 47]. The Court struck those notices and denied the construed request to amend on July 17, 2024. [Dkt. 48]. In the order, the Court reiterated that the response deadline to Defendant Oliver's Motion was July 17, 2024, and that if Plaintiff did not file a response by the end of the day, then the Court "would proceed without the brief." [*Id.* at 4.] On the evening of July 17, 2024, Plaintiff filed an opposed motion for leave to file a second amended complaint. [Dkt. 49].

On July 18, 2024, Magistrate Judge Stetson issued a Report and Recommendation [Dkt. 50] with the following conclusions and recommendations: (1) Plaintiff failed to overcome Defendants Bienvenue's, Oliva's, Oliver's, and Porterie's assertions of qualified immunity, meaning all claims against those defendants should be dismissed without prejudice, (2) Plaintiff failed to state a conspiracy claim under § 1985 against Defendant Port Arthur ISD and the Court should dismiss such a claim with prejudice, (3) with no remaining federal claims[1], the Court should dismiss without prejudice all remaining state law claims, and (4) Plaintiff should not be granted leave to amend because doing so would be futile and Plaintiff failed to address these same issues in a prior amendment.

---

1 Because Plaintiff specifically excluded Defendant Morath from the only federal claim alleged (the conspiracy to violate Plaintiff's constitutional rights) [Dkt. 50 at n. 4 (citing Dkt. 19 at 1-2)], only supplemental state law claims were asserted against Defendant Morath.

3

At the end of the fourteen-day objection window provided by the Local Rules, Plaintiff filed objections to the report and recommendation. [Dkt. 55]. Plaintiff's objections were problematic. First, the objections contained pages of a factual recitation of Plaintiff's case and irrelevant arguments. [*Id.* at 2-8]. Next, under the heading of "Specific Objections," Plaintiff listed a series of quotes from the report and recommendation but did not explain what was wrong with each quote, or how the legal analysis was impacted by each statement. Finally, Plaintiff identified three overarching objections: (1) Judge Stetson allegedly erred by finding Plaintiff failed to state a conspiracy claim, (2) she also allegedly erred by recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and (3) that Plaintiff should be granted leave to amend, but provided no analysis of how the magistrate judge allegedly erred.

On August 6, 2024, the Court overruled Plaintiff's objections. The Court found that Plaintiff's objection that he did not plead a 42 U.S.C. § 1985 claim, but rather a "civil conspiracy claim" based on the alleged violation of his constitutional rights, was conclusory. [Dkt. 56 at 3]. Plaintiff pointed to no case law suggesting that the law provides a civil conspiracy claim based on violations of constitutional rights independent of 42 U.S.C. § 1985.

Next, Plaintiff objected to the finding that he did not overcome the individual Defendants' claims of qualified immunity. [Dkt. 50 at 10]. This objection was also overruled because nowhere in any of his responses to the motions to dismiss did Plaintiff point to any authority clearly establishing the constitutional rights being invoked. [Dkt. 56 at 4].

Finally, the Court determined that Plaintiff should not be allowed to amend his complaint, as he had already amended as a matter of course in the face of nearly identical motions to dismiss [Dkts. 5, 6, 10], to no avail, and that to allow Plaintiff to amend once again at this late stage would prejudice the Defendants [Dkt. 56 at 4].

In sum, after conducting a *de novo* review of the objections, the Court overruled Plaintiff's objections and adopted the report and recommendation. The Court found that Plaintiff failed to overcome Defendants Bienvenue's, Oliva's, Oliver's, and Porterie's assertions of qualified immunity and dismissed those claims without prejudice. The Court also found that Plaintiff failed to state a claim under 42 U.S.C. § 1985 against Defendant Port Arthur ISD and dismissed the claim with prejudice. The Court, thereafter, declined to exercise supplemental jurisdiction over Plaintiff's state law claims[2] which were dismissed without prejudice. [Dkts. 56, 57].

In his pending motion under Rule 59(e), Plaintiff seeks to alter or amend the judgment to correct manifest errors of law and prevent manifest injustice. [Dkt. 59].

**II.    Discussion**

The Fifth Circuit holds that a Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)), *cert. denied,* 549 U.S. 1166 (2007). "These motions cannot be used to raise arguments which could, and should, have been made before the original order or judgment was issued." *Id.* Nor can they "be used to argue a case under a new legal theory." *Id.* Rule 59(e) does not permit the submission of matters already available or known to the party submitting the new evidence. *See, e.g., Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999).

Plaintiff's Corrected Rule 59(e) Motion does not present meritorious grounds to alter or amend the judgment. Plaintiff has not clearly established a manifest error of law or fact or presented newly discovered evidence. Instead, he simply identifies complaints to the Court's order: (1) improper dismissal of the § 1983 claim, (2) denial of leave to amend, (3)

---

[2] As noted in footnote 1, this would include all claims against Defendant Morath, and it would include state law claims for administrative appeal and violations of the Texas Whistleblower Act.

mischaracterization of the conspiracy claim, (4) improper application of qualified immunity, (5) improper burden shifting in qualified immunity, (6) inconsistent positions on qualified immunity; (7) failure to conduct a *Connick v. Myers* analysis, (8) substantive due process violations, and (9) premature dismissal of state law claims. [Dkt. 59 at 2-3]. Other than a recitation of criticisms with a brief description, Plaintiff provides no case law or substantive analysis to support his assertions of manifest error. [*Id*.]

Moreover, complaints (1), (2), and (3) were already raised in Plaintiff's objections and overruled. Plaintiff has not shown a manifest error in fact or law in the Court's rulings, and he is not entitled to an alteration or amendment of the judgment on those grounds.

As for complaints (4), (5), (6), (7), (8) and (9), these issues were never raised in any of Plaintiff's responses to the motions to dismiss [Dkts. 18, 19, 31] or in Plaintiff's objections to the report and recommendation [Dkt. 55]. A motion to alter or amend a judgment under Rule 59(e) is not the proper vehicle for making new arguments that could have been but were not raised before the entry of the judgment. *Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004). Plaintiff offers no justification for why these arguments could not have been raised earlier and, as such, the Court will not entertain them now. The Court accordingly concludes that reconsideration of the Order Adopting the Report and Recommendation [Dkt. 56] or the Final Judgment [Dkt. 57] is unwarranted.

It is therefore ORDERED that Plaintiff's Corrected Rule 59(e) Motion [Dkt. 59] is DENIED.

IT IS SO ORDERED.

**SIGNED this 18th day of September, 2024.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge